FAKLER v. SUMNER MERCANTILE CO.

No. 5215.    Opinion Filed February 8, 1916.

(155 Pac. 559.)

TRIAL—Questions of Fact—Direction of Verdict. Where the evidence of the defendant reasonably tends to support his answer and cross-petition, it is error for the court to instruct a verdict for the plaintiff.

(Syllabus by Watts, C.)

*Error from County Court, Noble County;*
*L. B. Robinson, Judge.*

Action by the Sumner Mercantile Company against Joseph Fakler. Judgment for plaintiff, and defendant brings error. Reversed, and new trial granted.

*W. E. Rice, H. A. Johnson,* and *Henry S. Johnston,* for plaintiff in error.

Opinion by WATTS, C.   This case comes from the county court of Noble county, wherein defendant in error, hereinafter called the plaintiff, recovered judgment for $26.85 against plaintiff in error, hereinafter called the defendant. Defendant filed answer and cross-petition, in which, among other things, he alleges that plaintiff was indebted to him in the sum of $20; that defendant

stood a stallion during the spring of 1910; that Eli Jones brought four mares to said stallion, and they were duly served during said season, under an agreement that said mares should stand for said service; that the plaintiff co-partnership is composed of C. E. Jones and Baxter Davis; that the said C. E. Jones is the widow of said Eli Jones, and said Baxter Davis is the son-in-law of the said C. E. Jones; that after the death of the said Eli Jones, the said C. E. Jones and the said Baxter Davis advertised and held a public sale of the property of the said Eli Jones; that defendant attended said sale, for the purpose of collecting his debt, or protecting his lien on said mares, which were about to be sold by the said Baxter Davis and C. E. Jones; that the said Baxter Davis, on his own behalf and on behalf of C. E. Jones, verbally agreed to pay the sum of $20 if defendant would permit the said mares to be sold and accept said Baxter Davis and the said C. E. Jones for said indebtedness, which was agreed to by defendant, and by reason thereof he waived the lien he held on the mares. At the close of the evidence, the court instructed the jury to return a verdict for the plaintiff for the sum of $26.85, for the reason that defendant had failed to establish his cross-petition by a preponderance of the evidence. From the judgment defendant appeals to this court, and assigns that the court erred in directing the verdict.

The record shows that the defendant testified that Baxter Davis agreed to pay the $20 out of the store of plaintiff, and that defendant did trade to the amount of $26.85; that Davis told his clerk to let defendant trade on the deal; it also shows that C. W. Wallingford testified that defendant, Joseph Fakler, was at the sale; that he (Wallingford) saw three mares that were bred to

Fakler's horse, put up for sale; that he had a talk with Baxter Davis, in which Davis said the season was paid for, and that there would be no cost of the colts to follow the mares, and the auctioneer made the same remarks, and this was publicly announced. We think that the evidence of defendant, uncorroborated, reasonably tended to support the issue; and since the defendant's evidence is corroborated by the evidence of Wallingford, there can be no doubt but that it reasonably tended to support the issue, and his evidence should have been submitted to the jury. This court has invariably held that, where there is any evidence reasonably tending to support the issue, it should be submitted to the jury. *Frisco Lmbr. Co. v. Thomas,* 42 Okla. 670, 142 Pac. 310.

The judgment of the trial court should be reversed, and new trial granted.

By the Court: It is so ordered.